No. 14,290.

HAMMONS *v.* THE PEOPLE.
(77 P. [2d] 645)

Decided March 14, 1938.

Mr. FRANK H. HALL, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. HENRY E. LUTZ, Assistant, for the people.

128

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as defendant. On a verdict of guilty of the larceny of $250 he was sentenced to the state reformatory. To review that judgment he prosecutes this writ.

Of the six assignments the last goes to the admission of evidence, the others to the weight thereof. These five amount only to the assertion that the verdict is unsupported. This is the sole question now before us since counsel say it "is the only point that will be argued." The briefs are among the few coming to our attention which vindicate their designation. They cover less than six typewritten pages. Such restraint is justified by the record.

An abstract of this evidence would serve no useful purpose. Suffice it to say that it amply supports the verdict. It discloses what was doubtless a systematic course of peculation by defendant from a woman past 80 years of age, who, with her son past 60, operated a "kind of a little candy store" in a room of their residence, and banked in a mattress. Having discovered their loss and identified the culprit, formerly their assumed friend, they went through the form of a settlement, taking from him an acknowledgment of the amount, graciously dubbed "borrowed," and his promise to repay in installments. This settlement is urged in his defense. It might have amounted to the compounding of a felony but it had nothing to do with his present criminal liability. It is further pointed out that on discovery the victims made no complaint. They were not obliged to do so and their failure is logically explained.

It appears that in the beginning of the trial counsel were disposed to adhere to technical rules and objections were made accordingly. However, as it progressed

and difficulties, largely arising from the ignorance and idiosyncrasies of witnesses, developed, a change of tactics is disclosed, quite evidently prompted by the desire of court and counsel to get the full story before the jury. A most praiseworthy motive in view of the peculiar character of the actors and their acts. The natural result was that errors, if any, were clearly waived. The trial judge appears to have handled the situation with patience and skill and the jurors with discrimination. We think defendant fortunate since his escape from a severe penitentiary sentence is only attributable to his youth, a virtue for which he can claim no credit. We find no reversible error in the record.

The judgment is affirmed.

MR. JUSTICE HILLIARD, MR. JUSTICE BAKKE and MR. JUSTICE HOLLAND concur.